UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

SIMPLOT AB RETAIL, INC., ET AL.                                    PLAINTIFFS

v.                                                            No. 5:22-cv-133-BJB

BILL & SCOTT FARMS, INC.                                           DEFENDANT

### OPINION & ORDER

Simplot AB Retail's wholly owned subsidiary, JSI Farmline, agreed to finance the production of Bill & Scott Farms' crop. After Bill & Scott Farms allegedly failed to pay on time, Simplot and Farmline sued, claiming breach of contract and unjust enrichment. The Complaint sought "no less than $81,488.18" in damages. Complaint (DN 1) ¶ 29.

Bill & Scott Farms accepted service but never made an appearance, so the Plaintiffs moved for entry of default, DN 7, which the clerk entered, DN 8. The Plaintiffs then moved for default judgment, "request[ing] that the Court enter judgment for the full amount owed and identified in Simplot's Complaint, including principal, accrued interest, and finance charges, of $81,488.18." DN 9 at 5. Because the record didn't make clear how they determined that Bill & Scott Farms owed that specific amount of money, as required by FED. R. CIV. P. 55, the Court held a telephonic hearing. DN 11. During that hearing, the Plaintiffs' counsel agreed that additional evidentiary material was necessary to explain why a judgment of $81,488.18, specifically, is warranted. The Court invited the Plaintiffs to file any such material to support consideration of their request for a default judgment.

Nearly two months passed. The Plaintiffs didn't file anything. So the Court ordered them to do so within two weeks. DN 12. The Plaintiffs then filed a supplemental request that didn't explain how they got to $81,488.18—the number from the Complaint, the motion for default judgment, and the Court's order. Instead, the supplemental filing claimed entitlement to a different number: "no less than $84,492.53." DN 13 at 2. Odder still, one of the Plaintiffs' supporting documents— an affidavit from Nick Koski, Simplot's area financial services manager—indicated they are now seeking an even higher amount: $92,686.94. DN 13-1 at 3. To reach this number, Simplot requests that judgment account for "attorney fees of $7,688.00 to date and related costs of $506.41." *Id.* The Plaintiffs do not provide evidentiary support explaining how they calculated these additional amounts.

1

Federal Rule of Civil Procedure 55(b)(1) authorizes the Clerk of Court to enter default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." The "reasonable attorney's fees" requested by the Plaintiffs, DN 1 at 7, cannot be "made certain by computation" as Rule 55(b)(1) requires. *Cf. Nat'l Auto Grp. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *2 (N.D. Ohio May 10, 2021) ("Rule 55(b)(1) default judgment claim … for the remedy of 'reasonable' attorney fees fails because what constitutes a reasonable fee must be determined by the Court"). When, as here, "all … default judgment claims cannot be determined under Rule 55(b)(1)" by the Clerk, "the issue of default judgment must be decided under Rule 55(b)(2)" by the judge instead. *Id.* at *3.

Rule 55(b)(2) provides courts considerable discretion in determining the appropriate damages amount—or even if default judgment should be granted at all. *See* Wright & Miller, 10A FED. PRAC. & PROC. §§ 2685, 2688 (4th ed.). Courts must exercise this discretion carefully, as "[e]ven in the context of default judgment, the Court has an obligation to ensure that there is a legitimate basis for any award of damages that it enters." *Zinganything, LLC v. Tmart UK Ltd.*, No. 5:14-cv-629, 2016 WL 362359, at *7 (N.D. Ohio Jan. 29, 2016). In general, "[i]f the court determines that [a] defendant is in default, the factual allegations of the complaint … will be taken as true." Wright & Miller § 2688.1. But "the allegations in the complaint with respect to the amount of the damages are *not* deemed true." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotations omitted; emphasis added); *see also* Wright and Miller § 2688 (noting that courts have discretion to hold hearings to determine damages and that "a default does not concede the amount demanded."). When the default rests on the failure to defend, the district court must "ascertain the amount of damages with reasonable certainty." *Vesligaj*, 331 F. App'x at 355 (quotations omitted).

The Plaintiffs loaned Bill & Scott Farms $75,000. *See* DNs 1-1, 1-2. The note required payment, with interest, by January 1, 2022. *See id.* According to the uncontested record, Bill & Scott Farms breached when it failed to make that payment. Complaint ¶¶ 9, 14. So judgment with respect to liability appears clear enough.

But what is the right damages award? The documentary evidence establishes the principal amount of the loan ($75,000) and the remaining balance due on the additional product ($1,761.63). *See* Note & Security Agreement (DNs 1-1, 1-2); Accounting Statement (DN 1-4); Koski Affidavit (DN 9-1). And the master note entitles the Plaintiffs to some amount of interest on the loan principal. *See* DN 1-1 ¶ (G)1 ("Borrowers promise to pay to the Lender the principal sum equal to the Loan Request … together with interest accrued thereon…."). But the correct amount of interest is hardly clear. In the event of a default, the master note refers to a "Default Rate" of 6% atop some other (not clearly specified) rate (perhaps 5.25%, discussed

below?) of baseline interest. DN 1-1 ¶ 1 ("When permitted by law …, if Borrowers default under this Loan, Six percentage points (6.00%) will be added to the interest rate…."). And another provision in a different document (the loan commitment) appears to set an interest rate of 5.25%. *See* DN 1-2 ("Interest Rate: 5.25% Adjustable Rate Prime Based Loan"). Taken together, these two provisions suggest that the "Default Rate" is 11.25%.

But the Plaintiffs evidently did not think this to be the case. Their demand letters suggest that interest accrued at 5.25% until Bill & Scott Farms defaulted, and then accrued at 6% rather than 11.25%. *See* Second Demand Letter, DN 1-5 at 4 ("Pursuant to the terms of the Agreement, the Loan has thus accrued interest at a rate of 5.25% per annum, and going forward, will accrue interest at a rate of 6.0% per annum."). Yet neither the Complaint nor the motion for a default judgment explains this distinction or demonstrates the calculation. And neither addresses whether and how Kentucky law bears on this question, *see, e.g.*, KRS § 360.010, despite the master note connecting the interest due to "the amount permitted by applicable law," DN 1-1 ¶ (G)1. All told, the Plaintiffs have provided no explanation or calculation of the correct amount of interest due under the master note.[1]

Simplot's supplemental materials provide little help. True, those materials include a "Statement of Account." DN 13-3. But that simply includes a list of charges (each labeled "Invoice" or "Finance Chg") with no additional explanation of what those charges mean or how they were calculated.[2] So the Plaintiffs have failed to adequately identify their requested total damages. It is unclear to the Court whether the Plaintiffs are seeking $81,448.18, $84,492.53, or $92,686.94. And regardless of which amount Plaintiffs are seeking, they have failed to adequately support, through record evidence or at the hearing, their requested total damages.

---

[1] Nor do the papers address what if any effect pre- or post-judgment interest have on the Plaintiffs' calculation. *See generally Jack Henry & Assocs. v. BSC, Inc.*, 487 F. App'x 246, 260 (6th Cir. 2012) ("[I]n diversity cases in this Circuit, federal law … controls postjudgment interest even while state law governs awards of prejudgment interest.") (quotation marks omitted).

[2] Specifically, the statement includes a charge labeled "invoice" for $79,726.55. DN 13-3. But how was this figure calculated? Simplot's second demand letter, DN 1-5, states that interest charges totaling $4,704.55 accrued as of August 3, 2022. But the statement, DN 13-1, includes a different figure. The August 3, 2022 entry includes $4,726.55 in unexplained charges (presumably the remaining $75,000 is for the loan principal). Simplot does not address this discrepancy. Similarly, what are the finance charges for, given that neither the master note nor the loan commitment appears to use this term, and how were they calculated?

## ORDER

Because the Court cannot ascertain the proper amount of damages with reasonable certainty, it denies (without prejudice) the Plaintiffs' motion for a default judgment. The Plaintiffs may refile their motion in a manner that makes clear to the Court and to the Defendant (if it appears to contest liability or damages) the specific amount requested, the evidentiary and mathematical basis for that request, and the demand's consistency with state and federal law.